951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PACIFIC HOTEL DEVELOPMENT VENTURE, d/b/a Holiday Inn Palo
Alto-Stanford, Respondent.
 No. 90-70438.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1991.
Decided Dec. 13, 1991.
 
 1
 Before TANG and TROTT, Circuit Judges and BREWSTER,* District Judge:
 
 
 2
 MEMORANDUM**
 
 
 3
 The National Labor Relations Board ("NLRB") seeks enforcement of its order requiring Pacific Hotel Development Venture, d/b/a Holiday Inn Palo-Alto--Stanford ("Pacific Hotel"), to bargain with Teamsters Local 856 (the "Union") despite the pre-election, pro-union activities of Carlos Gonzales ("Gonzales"), who may have been a statutory supervisor. The NLRB found that Pacific Hotel violated section 8(a)(5) and (1) of the National Labor Relations Act ("NLRA") (29 U.S.C. § 158(5), (1)).[1]
 
 
 4
 Pacific Hotel argues that Gonzales, the "lead banquet captain," was a statutory supervisor[2] and tainted the election by illegally participating in the election process. The Hearing Officer found that Gonzales was not a supervisor within the meaning of the NLRA, and thus his participation on behalf of the Union, if any, was legal. The NLRB adopted the hearing officer's report. We uphold the NLRB's decision.
 
 
 5
 "Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." NLRB v. A.J. Tower Co., 329 U.S. 324, 330 (1946). See also NLRB v. Cal-Western Transport, 870 F.2d 1481, 1483-84 (9th Cir.1989). This Court will not overturn a Board certification decision unless the Board has abused its discretion. Id. Moreover, we will enforce the order of the NLRB if the Board correctly applied the law, regardless of whether the Court might have reached a different conclusion. NLRB v. Int'l Bhd. of Elec. Workers, 758 F.2d 436, 439 (9th Cir.1985).
 
 
 6
 We hold that there was substantial evidence for the Board to find that Gonzales was not a statutory supervisor. When Congress enacted 29 U.S.C. § 152(11), it sought to distinguish between true supervisory personnel who are vested with genuine management prerogatives, and employees who are not supervisors even though they may perform minor supervisory duties. NLRB v. Bell Aerospace Co., 416 U.S. 267, 280-81 (1974), overruled on different grounds, NLRB v. Hendricks County Rural Elec. Corp., 454 U.S. 170 (1981). Gonzales was not vested with genuine management prerogatives. See also NLRB v. Yuba Natural Resources, Inc., 824 F.2d 706, 709 (9th Cir.1987) ("An employee who only gives minor or routine orders will not be considered a supervisor"). Because we conclude that Gonzales was not a supervisor, we do not reach the issue of whether he intimidated employees. See id. at 708 n. 4. Therefore, Gonzales' participation in the organizing drive cannot warrant setting aside the Union's certification.
 
 
 7
 ENFORCEMENT GRANTED.
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pacific Hotel argued that the NLRB abused its discretion by failing to revoke certification of the Union despite the Union's post-election harassment against two bargaining unit employees. However, Pacific Hotel struck all portions of its briefs referring to this argument
 
 
 [2]
 The National Labor Relations Act defines a supervisor as:
 [A]ny individual having authority, in the interest of the employer, to fire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.
 29 U.S.C. § 152(11).